■ HENRY C. CLARK et al., Respondents, v IRA RUBENSTEIN et al., Respondents-Appellants, and STALLER ASSOCIATES, INC., Appellant-Respondent. — In a negligence action to recover damages for personal injuries, etc., defendant Staller Associates, Inc., appeals and defendants Ira Rubenstein and Long Island Consortium, Inc., doing business as Shanes Circus of Values, cross-appeal from an interlocutory judgment of the Supreme Court, Nassau County (Young, J.), dated May 19, 1982, which apportioned the fault of the parties at 33% for defendant Long Island Consortium, Inc., 50% for defendant Staller Associates, Inc., and 17% for plaintiff Henry C. Clark. Cross appeal, insofar as it is by defendant Ira Rubenstein, dismissed, without costs or disbursements. Rubenstein is not aggrieved by the interlocutory judgment. Interlocutory judgment affirmed, without costs or disbursements. The record shows that the trial court instructed the jury that plaintiffs had to show not only that defendants had been negligent but also that such negligence was the proximate cause of the accident which is the subject of this litigation. The court then proceeded, in logical fashion, to define the concept of negligence in relation to the various theories offered by plaintiffs, including the proper role of a violation of the State Building Code. The court next charged that any negligence, if found, must also be found to have been the proximate cause of the accident in order for the jury to find in favor of plaintiffs. It was therefore proper for the trial court to deny the request of defendant Staller Associates, Inc., that the court further charge specifically that the jury must find that any negligence based on a violation of the building code was the proximate cause of the accident in order to find for plaintiffs. The requested instruction was

redundant. The other points raised by appellants have been considered and have been found to be without merit. Mollen, P. J., Gulotta, O'Connor and Rubin, JJ., concur.